A. Barry Cappello (SBN 037835)
abc@cappellonoel.com
David L. Cousineau (SBN 298801)
dcousineau@cappellonoel.com
G. Michael Brelje (SBN 269476)
mbrelje@cappellonoel.com
CAPPELLO & NOËL LLP
831 State Street
Santa Barbara, California 93101
Telephone:  (805) 564-2444
Facsimile:   (805) 965-5950

Attorneys for Plaintiffs,
MSB INVESTORS, LLC and
MSBG PARTNERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSB INVESTORS, LLC, a California Limited Liability Company, MSBG PARTNERS, LLC, a California Limited Liability Company<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SANTA BARBARA, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  2:24-CV-07237<br><br>**MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>[*Filed Concurrently with MSB Investors, LLC and MSBG Partners, LLC's Opposition to Defendant's Motion To Dismiss Plaintiffs' Complaint and Declaration Of John Dewey In Support Thereof*]<br><br>Judge:  Hon. Mónica Ramírez Almadani<br>Date:    October 10. 2024<br>Time:   1:30 p.m.<br>Dept.:   10B<br>Place:   United States Courthouse<br>             350 W. First Street<br>             Los Angeles, CA 90012<br><br>Trial Date: None Set |

## I.   INTRODUCTION

Although framed as a Request for Judicial Notice of documents, Defendant the County of Santa Barbara ("County" or "Defendant") is actually asking the Court to take judicial notice of *facts*—and disputed ones at that—in those documents.  See Motion to Dismiss [Dkt. No. 11] ("Mot.") at 26:3-21, 27:9-21.  Therefore, Plaintiffs object to the County's Request for Judicial Notice on the grounds that it seeks to introduce materials that are subject to reasonable dispute and improperly asks the Court to resolve factual issues at the pleading stage.  Defendant relies on 19 exhibits attached to their Request for Judicial Notice ("RJN"), ECF No. 12, in support of their Motion to Dismiss.  Defendant asks the Court to take judicial notice of dozens of publications and letters – and accept the facts and analysis presented in those documents as indisputable.  As recently reiterated, "the Ninth Circuit prohibits courts from … taking judicial notice of facts in documents that are being used as a basis to resolve genuine factual disputes in a complaint, warning that the 'overuse and improper application of judicial notice and the incorporation-by-reference doctrine … can lead to unintended and harmful results.' " *Ishita Das v. Unity Software, Inc., et al.*, No. 5:22-cv-03962-EJD, 2024 WL 1141733, at *6 (N.D. Cal. March 15, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 989–99 (9th Cir. 2018)); see also *Hsu v. Puma Biotechnology, Inc.* 213 F.Supp.3d 1275, 1281-1282 (C.D. Cal. 2016) (describing the "inappropriate efforts by defendants to expand" request for judicial notice and noting that "Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.").

For the same reasons, Plaintiffs object to the County's request that the Court take judicial notice of a video of the "Contract Termination Hearing."  The County effectively invites this Court to review that video in full and resolve evidentiary facts that are subject to reasonable dispute, which is inappropriate at this pleading stage.

2

MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## II. LEGAL ARGUMENTS

### A. Defendant Requests Judicial Notice of Documents and a Video Subject to Reasonable Dispute

Judicial notice under Rule 201 permits a court to judicially notice an adjudicative fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(a), (b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

However, it is improper to assume the truth of judicially noticed document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of plaintiff."); see also *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n. 1 (9th Cir. 20080 (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to terms).

### B. The Court May Take Judicial Notice of the Existence of Public Records, but Not the Facts Contained Therein.

"Just because the document itself is susceptible to judicial notice, does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Courts may only judicially notice facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). Thus, a court may judicially notice a public record for the fact that the document exits and what the document may state, but not for the truth of facts contained in it that are subject to reasonable dispute and remain unproven at the pleading stage. *See, e.g.,*

3

MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (court could notice the existence of financial reports but not whether the reports accurately reflected the defendant's statutory liabilities); *Lee*, 250 F.3d at 689-90 (court could notice a hearing transcript and the plaintiff's signed extradition waiver for the fact of the hearing and plaintiff's execution of the waiver, but not for the fact that the plaintiff had validly waived his right to contest his extradition); *Nat'l Labor Relations Bd. v. Big Bear Supermarkets #3*, 640 F.2d 924, 926 n.1 (9th Cir. 1980) (declining to take judicial notice of letters because the defendant "failed to establish that the information in the letters [was] not subject to reasonable dispute").

Defendant has asked this court to take judicial notice of numerous materials and documents from, and a video of, the Board of Supervisors' December 12, 2023 public meeting and hearing regarding whether to terminate the Contract with MSB Investors, LLC for Development and Operation of the Tajiguas ReSource Recovery Project.  These documents and videos are not properly subject to judicial notice because the questions related to the Contract and its termination are facts subject to reasonable dispute. Therefore, the purported facts in the documents and video Defendant seeks to have judicially noticed cannot be accepted for their truth, and the request for judicial notice should be denied.

### III.   OBJECTIONS

**Grounds for Objection to Exhibits 1-19:**

Inadmissible hearsay (F. R. Evid. § 802); Lack of authentication (F. R. Evid. § 901-902, 1005).

Fed. R. Evid. 201 provides for judicial notice under the following circumstances: "(b) The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned."

MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Unauthenticated records, hearsay documents, and letters, do not fall into either of the categories in Fed. R. Evid. 201(b). *See Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997) ("[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance what are the boundaries of a state; or (3) matters of public history: for instance, who was president in 1958.")

Further, while the courts may sometimes take judicial notice of the existence of a document, the court may not take notice of its content or take that content as true, even if the records are public. *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964 (E.D. Cal. 2004) ("While a court may take judicial notice of a judicial or administrative proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice of the existence of those matters of public record… but not of the veracity of the arguments and disputed facts contained therein. [citation omitted] Similarly, while a court may take judicial notice of the existence of certain matters of public record, a court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted.") *Id.* at 974.

The fact that these records are "public" does not assist Defendant or make the content of the records judicially noticeable. *See e.g., Zivkovich v. Vatican Bank*, 242 F.Supp.3d 659 (N.D. Cal. 2002) (Documents obtained through Freedom of Information Act (FOIA) could not be judicially noticed for truth of matter asserted); *Marsh v. San Diego County*, 432 F.Supp.2d 1035, 1043 (S.D. Cal. 2006) (Court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein), and *Lee, supra*, 250 F.3d at 689-690, reversing the taking of judicial notice on a 12(b)(6) motion:

> "But the court did more than take judicial notice of undisputed matters of public record. The court took judicial notice of disputed facts stated in public records. […] Accordingly, we

5

MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

hold that the district court erred in granting the City's motion to dismiss plaintiffs' § 1983 claims under the First, Fourth, and Fourteenth Amendments by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling."

**Grounds for Objection to Contract Termination Hearing Video**

Inadmissible hearsay (F. R. Evid. § 802); Lack of authentication (F. R. Evid. § 901-902, 1005).

Defendant seeks judicial notice of the entire video of the Contract Termination Hearing to argue that there is "no evidence" that the termination was based on Plaintiffs' criticism of Wells and to assert that all reasons for the contract's termination were valid. (Mot. at 26:3-7, 27:9-21.) However, the video constitutes hearsay, as the County is seeking notice to introduce statements made during the hearing for the truth of the matter asserted.

Moreover, Defendant's request improperly invites the court to engage in fact-finding which is irrelevant at the pleading stage. *See Khoja v. Orexigen Theraputics, Inc.*, 899 F. 3d 988, 1003 (9th Cir. 2018)

Lastly, while courts may take judicial notice of *undisputed* matters of public record, they should refrain from taking notice of disputed facts contained within those records. *Lee*, *supra*, 250 F. 3d at 690.

DATED: September 26, 2024                    CAPPELLO & NOËL LLP

By:  */s/ David L. Cousineau*
    A. Barry Cappello
    David L. Cousineau
    G. Michael Brelje
    Attorneys for Plaintiffs
    MSB Investors, LLC and
    MSBG Partners, LLC

6

**MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**CERTIFICATE OF SERVICE**

I, David L. Cousineau, hereby certify that on September 26, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

                               */s/ David L. Cousineau*
                               David L. Cousineau

7

**MSB INVESTORS, LLC AND MSBG PARTNERS, LLC'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**